NEWBAY CORPORATION et al.

v.

Michael ANNARUMMO et al.

No. 90–359–A.

Supreme Court of Rhode Island.

Feb. 20, 1991.

Robert A. Pitassi, Licht & Semonoff, Gerald John Petros, Hinckley, Allen, Snyder & Comen, Providence, for plaintiffs.

Stephen H. Burke, Dept. of Environmental Management, Providence, for defendants.

James Purcell, James L.V. Truslow, Partridge, Snow & Hahn, Providence, Francis S. Wright, Boston, Mass., amicus curiae.

OPINION

FAY, Chief Justice.

This case comes before us on appeal by the defendants, Michael Annarummo,[1] in his capacity as director of the Department of Environmental Management of the State of Rhode Island (the director), and the Department of Environmental Management of the State of Rhode Island (DEM), from a Superior Court judgment entered in favor of the plaintiffs, Newbay Corporation, Rhode Island Cogeneration Associates, and OEIG Limited Partnership, ordering the director and DEM to issue an air permit to the plaintiffs. For the reasons set forth herein, we deny the defendants' appeal and affirm the judgment of the Superior Court.

Newbay Corporation is a Delaware corporation with its principal place of business in Rockland, Massachusetts. The OEIG Limited Partnership is a Delaware limited partnership. Rhode Island Cogeneration Associates is a Delaware general partnership and is also a joint venture with Newbay Corporation as its managing general partner and OEIG Limited Partnership as the other partner. Collectively plaintiffs are known as and shall be referred to as Newbay.

Newbay plans to build and operate a cogeneration facility in the city of East Providence. The facility would have the capability of generating 72 megawatts of electricity and 20,000 pounds per hour of steam. The facility would also be a source of sulfur dioxide ($SO_2$) pollution.

In accordance with these plans Newbay filed an application for an air permit with DEM in March 1987. Thereafter a hearing officer was appointed by the director to conduct formal hearings on Newbay's application. The formal hearings began in January 1989 and concluded the following

June. On or about December 29, 1989, the hearing officer submitted a decision on the matter to the director, recommending that the air permit be issued. The hearing officer's report concluded that Newbay would meet or exceed every established regulation.

On March 5, 1990, the director released a final decision and order (final decision) regarding Newbay's air-permit application along with the hearing officer's recommendation. The director adopted in full the recommendation of the hearing officer, with the exception of two additional conditions. The director's final decision stated as follows:

"1. [T]he Decision of the hearing officer, except as modified herein is adopted.

"2. The permit shall issue only when and if:

(A) There is a demonstration by Newbay to the Division of Air & Hazardous Material * * * that the proposed facility will meet the short term $SO_2$ standards adopted by DEM.

(B) No conflict exists among the permits, insuring that the interaction of the DEM permits is protective of human health and the environment."[2]

The short-term $SO_2$ standard set forth in the first additional condition was nonexistent when imposed and continues to be so at the present time. Despite this fact the director stated in the final decision that Newbay would not be entitled to an air permit "until such time as a short term $SO_2$ standard is adopted by R.I. DEM which is demonstrated to be protective of human health, and a further demonstration is made by Newbay that emissions from the proposed plant will not violate this standard."

Approximately one week after the release of the director's final decision, Newbay filed a complaint pursuant to G.L.1956 (1988 Reenactment) § 42–35–7 in the Superior Court. Section 42–35–7 allows a party

---

1. Michael Annarummo is the successor to Robert L. Bendick, Jr., as the director of the Department of Environmental Management. This action as originally filed named Bendick as a defendant.

2. The DEM has withdrawn and abandoned this second condition; and therefore, we shall not address it within this opinion.

to contest the validity or applicability of any agency rule when the rule or its threatened application impairs or threatens to impair a legal right or privilege of the contesting party.[3] In its complaint Newbay sought a declaratory judgment, as well as a writ of mandamus and injunctive relief, to compel the director and DEM to issue the air permit. In support of this claim Newbay alleged that the additional condition imposed by the director regarding short-term $SO_2$ emissions was, in effect, a new agency rule and that this new rule was illegal because it was adopted and applied in violation of the rule-making procedures of the Administrative Procedures Act. *See* § 42–35–3. Additionally Newbay asserted that because it had met all other requirements, it was legally entitled to issuance of the air permit.

The defendants countered by seeking dismissal of the action, averring that the suit, premised upon § 42–35–7, was inappropriate because the additional condition was not a new agency rule and therefore was not subject to the rule-making procedures of § 42–35–3. In addition defendants alleged that because the hearing on Newbay's application for an air permit was a contested case pursuant to § 42–35–9, any review of the final decision would be appropriate only pursuant to § 42–35–15. Section 42–35–15 provides an avenue of review for any person who is aggrieved by a final order in a contested case after all administrative remedies available within the agency have been exhausted.

The trial justice determined that the additional condition was in fact a new agency rule. Because this rule impaired the legal rights of Newbay, the trial justice held, the court was entitled to determine the rule's validity. The trial justice further held that in order for a new agency rule to be valid, it must have been enacted in compliance with the rule-making procedures of § 42–35–3. After finding that the necessary procedures had not been followed, the trial justice concluded that the new agency rule was invalid.

Relying upon this conclusion, the trial justice stated that because Newbay had met every other requirement for the issuance of the air permit, the permit should be issued. Thereafter the trial justice issued a writ of mandamus ordering the director and DEM to issue an air permit to Newbay. That order was subsequently stayed pending the outcome of this appeal.

We turn our attention initially to the question of whether § 42–35–7 was the appropriate avenue of relief. Section 42–35–7 states:

"The validity or applicability of any rule may be determined in an action for declaratory judgment in the superior court of Providence County, when it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question."

A "rule" is defined in § 42–35–1(h) as

"each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include (1) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public, or (2) declaratory rulings issued pursuant to § 42–35–8, (3) intra-agency memoranda, or (4) an order."

In addition § 42–35–3 sets forth the proper procedures for the adoption of agency rules. These procedures summarily include but are not limited to the following: twenty days' notice by an agency of its intended action, publication of the notice in a newspaper of general circulation, providing an opportunity for interested persons to express their oral or written views or

---

**3.** *See infra* for complete text of G.L.1956 (1988 Reenactment) § 42–35–7.

arguments on the proposed new rule, demonstration by the agency of a need to adopt the new rule or regulation, and determination of whether the new rule would have an adverse impact upon small businesses.

This court has stated on numerous occasions that the findings of fact of a trial justice sitting without a jury are accorded great weight. *See Security Bank and Trust Co. v. Beaufort,* 540 A.2d 13, 15 (R.I.1988); *Warwick Musical Theatre, Inc. v. State,* 525 A.2d 905, 909 (R.I.1987); *Tarro v. Tarro,* 485 A.2d 558, 564–65 (R.I. 1984). In addition, "such findings will not be disturbed on appeal unless it is shown that the trial justice misconceived or overlooked relevant evidence or was otherwise clearly wrong." *Beaufort,* 540 A.2d at 15; *see Warwick Musical Theatre, Inc.,* 525 A.2d at 910; *Tarro,* 485 A.2d at 564–65. With these standards in mind, we turn our attention to the record before us.

■ We agree with the trial justice that the added condition relating to short-term $SO_2$ emissions was in fact a new agency rule. The condition imposed by the director and DEM provided that no future air permits would be issued to Newbay or anyone else until a short-term $SO_2$-emission standard was promulgated and subsequently complied with.

The additional condition was obviously a statement of general applicability, which either implemented or prescribed a law or policy of DEM. When viewed as such, it is clear that the short-term $SO_2$ standard was in fact a rule within the meaning of § 42–35–1(h). Relying upon these facts, we must conclude that the trial justice did not misconstrue or overlook material evidence, nor was he clearly wrong in finding that the additional $SO_2$-emission standard constituted a new rule.

Because we agree with the trial justice that the short-term $SO_2$-emission standard was in fact a new agency rule pursuant to § 42–35–1(h), we must also agree that § 42–35–7 was the appropriate avenue for review. There can be no question that the application or potential application of the newly imposed rule for short-term $SO_2$ emissions threatens to and does in fact impair the legal rights and privileges of Newbay. When recommending issuance of the air permit, the hearing officer determined that Newbay had demonstrated compliance with every existing standard. This same conclusion was subsequently adopted by the director. Because we agree that § 42–35–7 was the appropriate avenue for review, we also agree that the trial justice was entitled to determine the validity of the new rule.

■ As we have stated above, the proper procedures for the adoption of a new agency rule are clearly set forth in § 42–35–3. A review of the record demonstrates that those explicit rule-making procedures were not followed. Both the director and DEM have, in fact, stipulated that the short-term $SO_2$ standard was imposed without following the mandates of § 42–35–3. This stipulation reads as follows:

"DEM has not (1) provided written notice under the APA concerning this new standard; (2) provided copies of this new standard or Fact Sheets to the public; (3) scheduled a public hearing on this new standard; (4) received oral or written comments on this new standard; (5) provided for a written comment period; or (6) published or advertised this new standard."

■ The unilateral decision by the director to impose the nonexistent $SO_2$ standard was apparently premised upon comments made by three doctors during the public-comment portion of the hearings on Newbay's air-permit application. These individuals commented that in their opinion, short-term emissions of $SO_2$ would cause severe breathing difficulties for asthmatics and people with chronic respiratory problems who live near the site of the proposed plant.

The general purpose of the public-comment portion of the licensing hearings is to inject into the decision-making process community opinions regarding the impact of a proposed project. The public comments are a management tool for project proponents to gain knowledge of the climate of the local community so that the proponents

may be able to respond better to community concerns. The comments are not evidence that can be used by the director to circumvent the rule-making procedures as was attempted here. In any event, we find the comments of the three doctors incompetent as an evidentiary foundation for the rule-making process. We conclude, therefore, that the trial justice did not misconstrue or overlook material evidence, nor was he clearly wrong in finding the nonexistent rule invalid.[4]

■ We now turn our attention to the question of whether the issuance of a writ of mandamus was proper. "We have consistently held that a writ of mandamus is an extraordinary writ and shall issue only where the petitioners have a clear legal right to have the requested act done and when the respondents have a ministerial, legal duty to perform such act without discretion to refuse." *Buckley v. Affleck*, 493 A.2d 828, 829 (R.I.1985); *see also O'Neill v. Carr*, 522 A.2d 1213, 1214–15 (R.I.1987); *Parente v. Southworth*, 448 A.2d 769, 771–72 (R.I.1982). In addition to the above prerequisites, we have also held that in order for a writ of mandamus to issue, "it must appear that the writ will be effectual as a remedy." *Buckley*, 493 A.2d at 830.

Turning our attention to the facts of the case at hand, we find it undisputed that Newbay has met every standard for the issuance of an air permit. Newbay was denied the permit only because it failed to comply with a nonexistent condition. Having found this condition to be an illegally adopted rule and having upheld its invalidation, we find that Newbay is once again in compliance with all required standards. Based upon this finding, Newbay's legal right to have the air permit issued is clear.

Because Newbay has fulfilled each and every requirement for the issuance of an air permit, all that is left for the director and DEM to do is the simple act of issuing the permit. When faced with facts such as those before us now, we believe that the

issuance of an air permit is indeed a ministerial act. *See Wood v. Lussier*, 416 A.2d 690, 694 (R.I.1980) (if building-permit application conformed to all conditions imposed by building ordinance, then issuance of permit became mere ministerial duty). Finally it appears from a review of the facts that the issuance of the writ of mandamus will indeed be an effectual remedy. Therefore, because all the prerequisites for issuance of a writ of mandamus were met, the writ was properly issued.

For the reasons heretofore stated, the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for entry of judgment consistent with this opinion.

---

4. We wish to clarify, however, that if a new standard for short-term $SO_2$ emissions is properly adopted at some time in the future, and this

new standard is reasonable and rationally based, Newbay, as well as all others, will be bound to abide by it.