[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The plaintiff seeks a writ of mandamus requiring the defendant to reinstate him to his position as Police Chief of the City of Woonsocket. Alternatively, the plaintiff requests an injunction restraining the defendant from preventing him from resuming that office. Because the Court has determined herein that the plaintiff is entitled to the writ of mandamus, it need not reach the merits of his claim for injunctive relief.
The defendant suspended the plaintiff from his post with pay on October 23, 1991. On October 31, the suspension order was amplified so as to deprive him of pay during the course of the suspension. On November 6, 1991, this Court denied the plaintiff's request for a temporary restraining order, which would have reinstated him pending his appeal of the suspension to the City of Woonsocket's Personnel Board (C.A. No. 91-7457). The plaintiff's appeal from the suspension order was heard before the Personnel Board in December of 1991. The hearing spanned several days, during which numerous witnesses testified. On January 23, 1992, the Personnel Board unanimously exonerated the plaintiff on all charges.[1]
Immediately after the Personnel Board issued its decision, the plaintiff requested that the defendant reinstate him as Police Chief and compensate him for pay lost during the period of suspension. On January 28, 1992, the defendant refused to do so, indicating that the City would pursue an appeal (through arbitration) from the Personnel Board's decision.
The plaintiff filed the instant action on January 30, 1992. The parties have waived oral argument and further hearing in this case and have agreed to submit the case to the Court for a decision based on the pleadings.
Although a writ of mandamus is an extraordinary remedy, a petitioner is entitled to its issuance when he has a clear legal right to have the requested act done and where the respondent has a ministerial, legal duty to perform that act without discretion to refuse. In addition to those prerequisites, it must appear that the writ will be effectual as a remedy. Newbay Corp. v.Annarummo, 587 A.2d 63, 67 (R.I. 1991); Buckley v. Affleck,493 A.2d 828, 829, 830 (R.I. 1982).
Section 10.2 of the Woonsocket Personnel Ordinance provides:
 In the event that an employee is dismissed, demoted or suspended under this section, and such employee appeals such action and his appeal is sustained, he shall be restored to his former position and compensated at his regular rate for any time lost during the period of such dismissal, demotion or suspension. (Emph. added.)
The defendant suggests that because the first tier of the administrative process, i.e., review by the Director of Public Safety, was dispensed with (see footnote 1), the import of the Personnel Board's decision is somehow diminished and should not be accorded the full measure and effect of plaintiff's appeal having been sustained. The Court disagrees.
At the outset, the defendant ignores the plain language of the Personnel Board's decision. As to each and every specification lodged against the plaintiff the Personnel Board, after a lengthy and plenary hearing, determined that "theappeal on Charge (1 through 15) by Francis Lynch issustained." (Emph. added.)
Further, the initial level of the review process was eliminated for two reasons. First, it made little sense to conduct a hearing before the Director of Public Safety, who was the very individual who had issued the suspension orders. The result of any such proceeding would have been preordained. Secondly, the Director was himself the named defendant in this litigation. Ethical probity invited his disqualification. Moreover, the city readily consented to the elimination of this tier of review.
In addition, the defendant overlooks the fact that even if the first stage of the review process had been implemented, regardless of the Director's decision, any subsequent appeal before the Personnel Board invites a de novo hearing, at which the Board would be obliged to start afresh, without being bound by the Director's initial determination.
The fact that the City of Woonsocket has elected to pursue arbitration, in an effort to overturn the Personnel Board's decision, in no way obviates the plaintiff's right to a writ of mandamus at this stage. Section 10.2 of the ordinance limits itself to the right of the suspended employee who has, as is the case here, prevailed in his appeal.
Quite clearly, the ordinance speaks in mandatory, not discretionary, terms. Where, as here, an individual's appeal is sustained, he must be reinstated to his position and be provided with all emoluments from which he was separated during the period of suspension. The ordinance is unequivocal and provides no room for artful conation or discretional apperception.
The plaintiff has satisfied all of the conditions requisite to the granting of a writ of mandamus under the Newbay Corp.
and Buckley decisions. The writ shall issue.
[1] In the ordinary course, plaintiff would have commenced his administrative remedies before the Director of Public Safety, and if unsuccessful at that level, thereafter before the Personnel Board of the City of Woonsocket. Because the Director of Public Safety had himself issued the suspension orders and was also the defendant in the litigation, the parties agreed that proceedings before the Director should be waived, and that the plaintiff's appeal from the suspension should be brought directly to the Personnel Board.