DECISION
Before the Court is an appeal from the State Planning Council (hereinafter "Council"). The Town of Johnston (hereinafter "Town") seeks reversal of the Council's certification of an additional landfill which abuts the Central Landfill in Johnston. The Town has cited R.I.G.L. 1956 (1991 Reenactment) § 42-35-15 as its jurisdictional basis for this appeal.
Facts and Travel
On January 6, 1993, the Solid Waste Management Corporation requested site certification by the Council of a solid waste landfill. On June 28, 1993, after the requisite public notice was published and public comment period had lapsed, the Council voted to certify the new landfill site in Johnston. The site constituted an additional seventy-five (75) acres of landfill area southwest of and abutting the Central Landfill in Johnston.
The Town's complaint states that the Court has jurisdiction to hear this appeal pursuant to § 42-35-15. Section 42-35-15
states in pertinent part that:
 42-35-15. Judicial review of contested cases. — (a) Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter. (Emphasis Added).
"Contested case" is defined in § 42-35-1(c) to mean,
 a proceeding, including but not restricted to rate making, price fixing, and licensing, in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing.
As the definition provides, "a hearing must be required by law in order for an administrative matter to constitute a contested case." Property Advisory Group. Inc. v. Ryland, 636 A.2d 317
(R.I. 1994).
In the case at bar, the Council was not required by statute to provide the Town a hearing on the issue of site certification. The statute authorizing the Council to certify solid waste facility sites states only that, "[t]he council shall not issue its certificate prior to the publication of public notice and the expiration of the public comment period regarding the proposed site." G.L. 1956 (1989 Reenactment) § 23-18.9-9.
Clearly, a comment period and a hearing are two different requirements. The purpose of the notice and public comment requirement, "is to inject into the decision — making process community opinions regarding the impact of a proposed project."Newbay Corp. v. Annarummo, 587 A.2d 63, 66 (R.I. 1991). These comments are not to be used as evidence. Id at 67. Alternatively, when the legislature mandates a notice and hearing requirement, the purpose is to ensure a fair opportunity to appear, present evidence, and have a decision rendered on the evidence presented at the hearing. Providence Gas Co. v. Burke,380 A.2d 1334, 1342, 119 R.I. 487, 502-503 (1977). Since nothing in the statute requires the Council to conduct a hearing, this Court lacks jurisdiction to hear this case. Similarly, this Court lacks jurisdiction, under § 42-35-15, to declare SPC's Rule V-5 and State Guide Plan Element 171 unlawful. Accordingly, this Court must and does dismiss this case for want of jurisdiction.
Council shall prepare the appropriate order for entry.