CALEB M. TALCOTT, EXECUTOR *vs.* HARRIET L. TALCOTT AND
OTHERS.

A testator had two daughters, *A* and *B*, of whom *A* had two children, *C* and *D*.
A deceased daughter, *E*, of the testator's widow by a former husband, who
had been a member of the testator's family, had five children, *F, G, H, I* and *J*.
The will contained the following provisions : " I give to *A, C* and *D*, and all
the children born of *A*'s body, and I also give to *B*, and all the children born of
her body, and I also give to all the children of *E*, deceased, namely, *F, G, H,
I* and *J*, being all the children of *E*, all the income of all my real estate, to be
equally divided among the above mentioned heirs ; " and further provided
that after the death of the testator's wife all the real estate might be sold, and
the avails "equally divided between all the afore-mentioned heirs, to wit, *A*
and all her children, *B* and all her children, and all the children of *E*, de-
ceased." Held, that the beneficiaries in the will took as classes—each class
one-third of the estate.

PETITION by the executor of the will of Oliver Parish, late
of Hartford, deceased, for advice in the construction of the
will ; brought to the Superior Court for Hartford county, and
reserved for advice on facts found by the court.

The material portions of the will were as follows :

" Third : When by the yearly income on my real estate all
mortgages, insurance, and all incumbrances whatever on said
real estate shall have been paid, and after the death of my
wife Susan Parish, I then give to Mrs. Harriet L. Talcott,
Howard S. Talcott, and Hattie Louise Talcott, and all the
children born of the said Harriet Talcott's body, and I also
give to Mrs. Ella E. Cooke, (now the wife of Mr. E. Ludlow
Cooke,) and all children born of her body, and I also give to
all the children of Ann P. Burke, deceased, formerly the wife
of Dr. George W. Burke, to wit, namely : Albert L. Burke,
Oliver P. Burke, George W. Burke, Joseph C. Burke, and S.
Jennie Burke, being all the children of said Ann P. Burke,
all the income of all my real estate after paying all yearly
expenses, taxes, and insurance, to be equally divided among
the above mentioned heirs described in this article, each hav-
ing yearly equal portions to be paid over to each and all that
are of age ; and for those who are not of age, the adminis-
trator shall deposit their yearly portions in the Pratt street

savings bank of this city, to be on interest until they shall become of age; and it is furthermore my direction that said administrator shall have ·a good bondsman for the faithful discharge of his duties and for the safety of said deposits.

Fourth: After the decease of my dear wife Susan Parish, all my real estate may be sold and equally divided between all the aforesaid mentioned heirs, in the true meaning as described in the last article mentioned, to wit: Mrs. Harriet L. Talcott and all her children, Mrs. Ella E. Cooke and all her children, and all the children of Ann P. Burke, deceased, formerly the wife of Dr. George W. Burke: *provided,* that two-thirds of the said heirs then living shall sign a petition to the court, and can obtain permission to do so.

Fifth: I further order that all the shares of my railroad stock shall be equally divided among all the heirs."

The testator died on the 17th of January, 1869, leaving a widow Susan Parish, still living, and two daughters, Harriet L. and Ella E., his only children. He had had other children who had died in his life-time, and before the making of his will, without leaving issue. Harriet L. Talcott is the wife of Caleb M. Talcott of Hartford, and was at the time of the testator's death thirty-five years old, and had then and has now two children, Howard S. and Hattie L. Ella E., the testator's other child, was married in October, 1864, to E. Ludlow Cooke, and has never had any children. Mrs. Cooke was twenty-six years old at the time of her father's death. Mrs. Parish at the time of her marriage with the testator was a widow. She had at that time one daughter by her former husband, Ann P. Benjamine, who came into the testator's family at the time of her mother's marriage, and remained for about fifteen years, and until she married, when about twenty-one years old, Dr. George W. Burke, of Middletown. She died in November, 1863, forty-one years old. Mrs. Burke left five children, named as her children in the third section of the will. The widow of the testator renounced the specific provisions of the will, and elected to take her dower interest in the estate, which was duly set out to her by the court of probate. The estate remaining for distribution, after the distri-

bution of the dower and the settlement of the estate, is real estate valued at $30,000, and personal estate valued at $336.55.

*N. Shipman*, for Harriet L. Talcott and her children. .

*H. C. Robinson*, for Ella E. Cooke.

*F. Chamberlin* and *Warner*, with whom was *E. Hall*, for the children of Ann P. Burke, cited 2 Jarman on Wills, 111; 2 Redfield on Wills, 356 *note* 3, 397; *Gold* v. *Judson*, 21 Conn., 616; *Lord* v. *Moore*, 20 id., 122; *Blackler* v. *Webb*, 2 P. Wms., 383; *Collins* v. *Hoxie*, 9 Paige, 89, 81; *Weld* v. *Bradbury*, 2 Vern., 705; *Harris* v. *Philpot*, 5 Ired. Eq., 324; *Seabury* v. *Brewer*, 53 Barb., 662; *Myers* v. *Myers*, 23 How. Pr. R., 410; *Stowe* v. *Ward*, 3 Hawks (N. C.), 604; *Kean's Lessee* v. *Roe*, 2 Harrington (Del.), 103; *Waller* v. *Forsythe*, Phill. Eq. (N. C.), 353; *Daggett* v. *Slack*, 8 Met., 453, 454; *Bunner* v. *Storm*, 1 Sandf. Ch., 357; *Walker* v. *Griffin's Heirs*, 11 Wheat., 379; *Tomlin* v. *Hatfield*, 35 Eng. Ch., 167; *Bender's Appeal*, 3 Grant's Cases, 210.

FOSTER, J. The will before us is very inartificially drawn, and the intent of the testator is so vaguely expressed that we find some difficulty in giving a satisfactory construction to the instrument.

As the widow has renounced the specific provisions of the will in her favor, electing to take her dower, which has been legally set out to her in lieu thereof, our attention will be directed to the disposition made of the residuum of the estate. All this is given to Mrs. Harriet L. Talcott, Howard S. Talcott, Hattie Louise Talcott, and all the children born of said Harriet Talcott's body; Mrs. Ella E. Cooke, and all the children born of her body; and all the children of Ann P. Burke, deceased, to wit, Albert L. Burke, Oliver P. Burke, George W. Burke, Joseph C. Burke, and S. Jennie Burke. Mrs. Talcott and Mrs. Cooke are daughters of the testator; each is married. Mrs. Talcott has two children, Howard S. and Hattie

Louise. Mrs. Cooke has none. Ann P. Burke was a daughter of the testator's wife by a former husband, and was a member of the testator's family from the time of her mother's marriage with him till her own marriage, which was about fifteen years. That these persons take the whole of the testator's estate, except what was given to the widow, is admitted, but the question is in what proportions do they take, *per capita,* or *per stirpes,* individually, or as classes? In the event of a distribution *per capita,* the division must be into ninths; if into classes, into thirds.

The language used by the testator is not sufficiently explicit to remove all doubt, but taking the whole instrument together, we think he intended a division into classes. This gives to Mrs. Talcott and her children one-third; to Mrs. Cooke one-third, and to the children of Mrs. Burke one-third of the property. A division into ninths would give Mrs. Cooke, his own daughter, but one-ninth, and to the children of Mrs. Burke, strangers in blood, five-ninths, of the property. Placing ourselves in the position of the testator, we cannot think that this was his intention. The statute of distribution would give the whole estate to Mrs. Talcott and Mrs. Cooke, and unless it is otherwise disposed of by the will they are not to be disinherited. We think the testator intended to recognize Mrs. Burke as his own daughter, and to give to her children, she being deceased, one-third of his estate. *Bond's Appeal from Probate,* 31 Conn., 183; and *Lyon* v. *Acker,* 33 Conn., 222, among many other cases which might be referred to, contain principles which are applicable to this case.

The Superior Court is advised that the beneficiaries in this will take as classes; that the division be made into thirds— one-third to each class.

In this opinion the other judges concurred; except CARPENTER, J., who was absent.