# BRISTOL COUNTY.

———•———

Samuel W. Church *vs.* Hezekiah W. Church *et als.*

Residuary testamentary disposition as follows: —

"I give, devise, and bequeath all the rest, residue, and remainder of my estate, real, personal, and mixed, wherever and however situate, of which I am now possessed, or may die seized or possessed, unto my sons, S., T., B., H., J., and C., to have and to hold the same, with all the privileges and appurtenances to the same belonging, to them, the said S., T., B., H., J., and C., their heirs and assigns, forever."

*Held,* that the devisees took, under Pub. Stat. R. I. cap. 172, § 1, as tenants in common, not as joint tenants.

*Held,* further, the devisees being individually named, and nothing in the will or in the testator's circumstances indicating a different intent, that the devisees took as individuals, not as a class.

One of these sons died without issue before the testator.

*Held,* that the deceased son's share lapsed, and at the testator's death descended to his heirs as intestate estate.

A general residuary devise or bequest carries lapsed or void devises or bequests, but does not include any gift, which fails, of the residue itself.

Bill in Equity for partition.

*Providence, July* 25, 1885. Durfee, C. J. The question now before us for decision arises under the will of Samuel W. Church, late of Bristol, deceased. The will, after several specific devises

and bequests for the benefit of the wife and daughters of the testator, concludes with the following residuary clause, to wit: ",I give, devise, and bequeath all the rest, residue, and remainder of my estate, real, personal, and mixed, wherever and however situate, of which I am now possessed, or may die seized or possessed, unto my sons, Samuel W. Church, Jun., Thomas Church, Benjamin Church, Hezekiah W. Church, James C. Church, and Charles Henry Church, to have and to hold the same, with all the privileges and appurtenances to the same belonging, to them, the said Samuel W., Jun., Thomas, Benjamin, Hezekiah, James, and Charles, their heirs and assigns, forever." One of the sons died without issue before the testator. The question is, whether the share of real estate which he would have taken under the residuary clause, if he had survived the testator, descended as intestate estate to the heirs at law of the testator, or passed under the will to the residuary devisees.

We think there can be no doubt that under our statute, Pub. Stat. R. I. cap. 172, § 1,[1] the devise to the sons, so far as it applies to real estate, was a devise to them as tenants in common, there being no words manifestly showing an intent to have them take as joint tenants. The devise, therefore, if it is to be construed as a devise to the sons individually, was in effect a devise of one undivided sixth part of the residuary real estate to each son, and consequently, when one son died without issue before the testator, the part devised to him was as if it had never been devised to him; it lapsed, and, there being no words to carry it elsewhere under the will, it necessarily descended as intestate estate to the heirs at law. 1 Jarman on Wills, 5th Amer. ed. 622; 3 Ib. 17; *Page* v. *Page*, 2 P. Wms. 489; *Sykes* v. *Sykes*, L. R. 4 Eq. 200; *In re Wood's Will*, 29 Beav. 236; *Owen* v. *Owen*, 1 Atk. 494; *Norman* v. *Frazer*, 3 Hare, 84; *Lombard* v. *Boyden*, 5 Allen, 249. The cases cited to show that, since the statute authorizing the devise of after-acquired real estate, the distinction between lapsed devises and lapsed legacies no longer holds, and that now a lapsed devise like a lapsed legacy will fall into the residue, are not in point, for the devise here was residuary in its inception, and therefore could

---

[1] Printed *ante,* p. 66.

not fall into the residue. This would be so if the estate were personal; for, though the general rule is that a general residuary bequest carries lapsed or void legacies, it does not include any part of the residue itself which fails. *Bagwell* v. *Dry*, 1 P. Wms. 700; *Page* v. *Page*, 2 P. Wms. 489; *Garthwaite's Executor* v. *Lewis*, 25 N. J. Eq. 351; *Hand* v. *Marcy*, 28 N. J. Eq. 59; *Floyd* v. *Barker*, 1 Paige, 480; *Hamlet* v. *Johnson*, 26 Ala. 557; *Sohier, Adm'r,* v. *Inches*, 12 Gray, 385; *Waring* v. *Waring*, 17 Barb. S. C. 552; *Reed's Estate*, 82 Pa. St. 428; *Frazier* v. *Frazier's Executors*, 2 Leigh, 642. The surviving sons, however, contend that the devise to the sons was a devise to the sons, not individually, but as a class, and that they are therefore entitled as a class to the entire residuary estate. But the devise was a devise to the sons severally named, which indicates that they were, not simply as a class, but each individually, the objects of the testator's bounty. Cases are cited for the sons which show that a gift to persons by name may nevertheless be a gift to them as a class. *Schaffer* v. *Kettell*, 14 Allen, 528; *Stedman* v. *Priest*, 103 Mass. 293; *Springer* v. *Congleton*, 30 Ga. 976; *Warner's Appeal*, 39 Conn. 253; *Talcott* v. *Talcott*, 39 Conn. 186. In these cases, however, the general rule, that a gift to persons named is a gift to them individually, is recognized, and reasons are found in the language or structure of the will, or in the circumstances, for deciding that the intent of the testator, which is, of course, paramount to the rule, would be best subserved by disregarding it. It was, in fact, apparent in every one of the cases cited, that the gift, though to persons named, was a gift to them as constituting a particular branch, or as representing a particular member, of the family, and that, if the gift were suffered to lapse and go to the heirs and next of kin generally, it would disappoint the purposes of the testator. There are no such reasons in the case at bar for finding that the sons were intended to take as a class. The beneficiaries under the will are a wife, four daughters, one of whom is married, and six sons. The design of the will seems to have been, after making special provisions for the wife and the married daughter, to divide the rest of the property among the sons and unmarried daughters equally, or nearly so, during the lives of the daughters at least, and, if the daughters have issue, their shares to go to such issue.

Without question, there is some favor to the sons, a remnant of the old traditional partiality lingering still, but we see no reason to doubt that, if the will had been made after instead of before the death of the son who died, the shares of the daughters, as well as of the sons, would have been proportionately increased. We can therefore see no reason why we should not construe the residuary devise according to its more obvious interpretation as a devise to the sons individually. *Bain* v. *Lescher,* 11 Sim. 397 ; *Knight* v. *Gould,* 2 Myl. & K. 295 ; *Williams* v. *Neff,* 52 Pa. St. 326 ; *Todd* v. *Trott,* 64 N. Car. 280 ; *Starling's Exec'r* v. *Price,* 16 Ohio St. 29.

Our decision is, that .the share of the real estate given to the deceased son descended at the death of the testator to his heirs at law as intestate estate.

*O. L. Bosworth,* for complainant.      '

*Irving Champlin & Charles F. Baldwin,* for respondents.