## ANGELINE PARKER GEE et al., for an Opinion.

### JANUARY 19, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Wills.   Construction.   "Share and Share Alike."   "Per Stirpes."*

Under residuary clause, "all the rest and residue of my estate I give devise and bequeath to my said wife and to my sons and daughters their heirs and assigns, forever, share and share alike, *per stirpes* and not *per capita;*"—

*Held,* the intention of the testator governs and is to be ascertained by consideration of the provisions of the entire will and to assist in getting his point of view, the circumstances existing at the time of the execution of the will are to be considered;

*Held,* further, that from the language and structure of the will, the intention was clear that the wife and each child should take in equal shares under the residuary clause.

(2)  *Wills.   Construction.*

Where in a will two phrases are irreconcilable that construction should be preferred which gives effect to the expression of intention made in plain and ordinary terms rather than in technical phraseology.

PETITION for construction of will.

STEARNS, J.   This petition, for the construction of the residuary clause of the will of James Gee, late of Providence, deceased, is brought by all the parties in interest, who have concurred in stating a question in the form of a special case (Gen. Laws, Chap. 289, § 20).

James Gee died November 11, 1920.   His will, which has been admitted to probate, was executed in 1913.   In 1918 two short codicils were added which are unimportant and have no bearing on the question submitted to us.   Angeline P. Gee was the second wife of James Gee.   By his first marriage James Gee had five children, namely, Robert, William, Minnie, Alice and Annie; all of the children are married and have issue with the exception of Annie who is unmarried.   The testator had no real estate at the time of his decease.   His personal estate is inventoried at $153,416.

The will is short and with the exception of the sixth or residuary clause is clearly and concisely drawn.   By the first clause the testator gives to his two sons William and

Robert, his library to be divided equally between them. By the second clause the wife is given the household furniture, automobiles, horses and carriages and other personal property belonging to testator's stable. By the third clause a bequest of $1,000 each is made to his sister Annie and to his nephew Isaac. By the fourth clause a bequest of $1,000 is made to a certain church. Then follow these two clauses: "Fifth: Having made provision for my said wife satisfactory to her I give and bequeath to each of my children the sum of twenty thousand dollars to each of them their heirs and assigns forever. Sixth: All the rest and residue of my estate I give devise and bequeath to my said wife and to my sons and daughters their heirs and assigns, forever, share and share alike, *per stirpes* and not *per capita.*" In the seventh and concluding clause the testator appoints his sons, William and Robert, and his wife, Angeline, to be the executors and the executrix of his will and directs that they shall not be required to give any bond.

(1) The question arises on the meaning of the residuary clause—Does the widow take thereunder one-half of the residue and do the sons and daughters of the testator take the other half as a class; or, do the widow and each of the sons and daughters of the testator individually take one-sixth of the residue? To state the question in another form, did the testator as between his widow and his children intend equality or inequality in the distribution of the residue?

The intention of the testator governs and is to be made effective if possible, if it can be accomplished fairly and without violating any unalterable rule of law. This intention is to be ascertained by consideration of the provisions of the entire will. *Church* v. *Church*, 15 R. I. 138; *Perry* v. *Brown*, 34 R. I. 203; *Hazard* v. *Stevens*, 36 R. I. 90; *Branch* v. *DeWolf*, 38 R. I. 395. To assist in ascertaining the intention of testator and to get his point of view the circumstances existing at the time of the execution of the will are to be considered by the court. *Perry, Admr.* v. *Hunter et al.*, 2 R. I. 80; *Boardman, Petr.*, 16 R. I. 131.

In this case strong evidence of the testator's point of view and of his intention is found in the language and the structure of the will itself, without the necessity of a resort to external evidence of the circumstances. By the first and second clauses bequests of specific personal property are given to the two sons and to the wife. The fifth clause is highly significant. Therefrom we learn that the testator had made provision for his wife before the execution of his will, which, as it was satisfactory to his wife, must have been known to her and approved by her. Any other provision for the wife apparently was neither expected by her nor required of the testator. Immediately following the above statement and as a part of the same clause, the testator then makes a bequest of twenty thousand dollars to each of his children. This gift is given to the children individually and not as a class. Thus far in the will the testator has treated the wife and the children individually and has shown no intent to establish any class. He has disposed of the larger part of his estate by different methods and by separate apportionment among the natural objects of his bounty and affection. Up to this time such differences in the distribution of his estate as testator desired to make between the widow and the sons and the daughters has not been left in doubt but has been provided for by specific action and direction. In disposing of the residue—the smaller part of the estate—if the testator desired to make an unequal distribution, that is to give the widow a greater or different share than a child, we naturally should expect the same clear expression of such intention as appears in the other parts of the will; but we do not discover any such intent. On the contrary, we think the intention was clear that the wife and each child should take in equal shares. There is an ambiguity and a contradiction in the terms of the residuary clause arising from the juxtaposition of the phrases "share and share alike" and "*per stirpes* and not *per capita*." The claim of the widow is that two classes are thus indicated, one consisting of the widow and the other

of the sons and daughters.  Were it not for the addition of the words "*per stirpes* and not *per capita*" there would be no uncertainty as the words "share and share alike" direct an equal distribution among all of the persons entitled.

"*Per stirpes*" is thus defined in Bouvier's Law Dictionary: "By or according to stock or root; by right of representation. When descendants take by representation of their parent, they are said to take *per stirpes;* that is, children take among them the share which their parent would have taken, if living."  The primary and natural construction of this technical phrase is to consider it applicable to the issue of the children, in the event of the decease of their parent before the testator, rather than to the children of the testator.  Whatever ambiguity there is arises from the inexact use of a legal phrase.  Without this phrase, the meaning of the clause is clear and is expressed in language easily understood by a layman.  If the two phrases are irreconcilable that construction should be preferred which gives effect to the expression of intention made in plain and ordinary terms rather than in technical phraseology.  But any doubt which might exist from a consideration of this particular clause is removed by a consideration of the entire will.  We think it was the intention of the testator that the wife and each child should take in equal shares under the residuary clause.

Our conclusion is that Angeline P. Gee and each of the sons and daughters of the testator individually take one-sixth of the residuary estate.

*Waterman & Greenlaw*, for Angeline Parker Gee.
*Alfred G. Chaffee*, for other petitioners.