**NEWBAY CORPORATION et al.**

*v.*

**George SISSON et al.**

**No. 92–635–Appeal.**

Supreme Court of Rhode Island.

March 16, 1993.

Robert Pitassi, Pitassi & Igoe, Gerald J. Petros, Hinckley, Allen, Snyder & Comen, Providence, for plaintiffs.

Brian Goldman, Goldman & Biafore, Providence, for defendants.

PER CURIAM.

This matter was before the court on appeal of the Coastal Resources Management Council (CRMC) from an order granting the plaintiffs' motion for summary judgment.

The plaintiffs, Newbay Corporation, Caithness RICA Limited Partnership, and Rhode Island Cogeneration Associates (collectively Newbay), had filed a complaint for declaratory judgment against CRMC and its acting chairman. The complaint alleged that the Energy Amendments which were promulgated by CRMC in 1978 are void as beyond CRMC's authority, and that these amendments had been preempted by the Energy Facility Siting Act (EFSA), G.L. 1956 (1988 Reenactment) chapter 98 of title 42. The trial justice, in granting summary judgment, found that CRMC had exceeded its authority in enacting the Energy Amendments, and they were invalid. The trial justice also ruled that the Energy Amendments were preempted by the Energy Facility Siting Act, chapter 98 of title 42.

The present appeal arises out of Newbay's application for a permit from CRMC to build its proposed coal-fired cogeneration facility, which proposal has been before this court on previous occasions. In *Newbay Corp. v. Annarummo*, 587 A.2d 63 (R.I.1991), we affirmed the issuance of a writ of mandamus to the Department of Environmental Management (DEM), requiring DEM to issue an Air Permit to Newbay. More recently this court held that the Energy Facility Siting Board (EFSB) does not have jurisdiction over Newbay's proposed facility. *Caithness RICA Limited Partnership v. Malachowski*, 619 A.2d 833 (R.I.1993).

At oral argument, counsel for CRMC conceded that the Energy Amendments would apply to Newbay only if there is a finding by CRMC that the proposed facility will have an impact upon the coastal region. Consequently we defer review of the Superior Court judgment in order to determine whether there is an actual controversy at stake.

Because of the prospect that litigation involving this facility, based on all parties' and the court's past experience, could extend into the next century, the court is of the opinion that a prompt resolution of the issue conceded by CRMC's counsel, which could be dispositive of this appeal and that issue, should be resolved immediately.

Therefore, this matter is remanded to the Superior Court with direction that the judgment be held in abeyance pending a determination by CRMC at a hearing which will be held forthwith on the sole issue of whether the proposed Newbay cogeneration facility will have an impact upon the Rhode Island coastal environment. The Superior Court will retain jurisdiction in the case. In the event that CRMC should decide that Newbay will have an impact upon the coastal environment and that the energy amendments should be applicable to the Newbay facility, an appeal may be taken to the Superior Court in accordance with the Administrative Procedure Act on the issue of Newbay's effect upon the coastal environment. This appeal should be handled with expedition, and if necessary review may be sought in this court.