**PROVIDENCE TEACHERS
UNION et al.**

v.

**Stephen T. NAPOLITANO et al.**

**No. 95–283–Appeal.**

Supreme Court of Rhode Island.

March 5, 1997.

Richard A. Skolnik, Robert S. Parker, Providence, for Plaintiffs.

Richard G. Riendeau, Joseph A. Rotella, Providence, for Defendants.

**OPINION**

PER CURIAM.

Effective January 3, 1983, § 1210 of the Providence Home Rule Charter of 1980 (the charter) required all of the defendant city of Providence's employees, including employees of the school department, to be residents of the city during their employment. In November 1990, voters removed the residency requirement for most municipal employees, including certified school teachers. Two years later, Providence voters reinstituted the residency requirement for all new city workers employed after January 1, 1993. As amended, § 1210 of the charter now provides that:

> "All * * * employees of the city * * * *including all employees of the school department* * * * shall be residents of the city during such employment; *provided, however, that any person employed by the city on the date upon which this provision*

*takes effect shall not be subject to the foregoing provision."* (Emphases added.) In December 1992 the Providence Teachers Union and various certified Providence school teachers filed a complaint seeking declaratory and injunctive relief with respect to § 1210 of the charter, which was to become effective January 1, 1993. The individual plaintiffs all served as substitute teachers in the Providence Public School System before the filing of the complaint and historically have never been subject to any residency requirement.

■ The plaintiffs sought a declaration that the individual plaintiffs were "employees" for purposes of § 1210, and were therefore "grandfathered" from the residency requirement since they were employed as substitute teachers prior to January 1, 1993. Furthermore, plaintiffs sought to enjoin the city from terminating or otherwise affecting the employment of any public school teacher hired prior to January 1, 1993. A justice of the Superior Court awarded plaintiffs the declaratory and injunctive relieve they requested. The city claims on appeal that there was no justiciable controversy below because "[r]esidency has never been applied by the School Department to substitute teachers of any kind at any time."[1] Because we agree with the city that there was no actual controversy between these parties, we are of the opinion that the Superior Court ought not to have granted the declaratory relief sought and obtained below.

■ The purpose of declaratory-judgment actions brought pursuant to G.L.1956 chapter 30 of title 9 is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." G.L.1956 § 9–30–12; *see also Fireman's Fund Insurance Co. v. E.W. Burman, Inc.,* 120 R.I. 841, 845, 391 A.2d 99, 101 (1978) ("[t]he obvious purpose of the Uniform Declaratory Judgment[s] Act is to facilitate the termination of controversies"). However, the party seeking declaratory relief must present the court with an actual controversy. *See, e.g., Newbay Corp. v. Sisson,* 621 A.2d 1250, 1251 (R.I.1993) ("defer[ing] review of, * * * Superior Court [declaratory] judgment in order to determine whether there is an actual controversy at stake"); *State v. Cianci,* 496 A.2d 139, 146 (R.I.1985) ("[t]he main prerequisite to successful prosecution of an action for declaratory judgment is the existence of an actual or justiciable controversy"); *Langton v. Demers,* 423 A.2d 1149, 1150 (R.I.1980) ("plaintiff failed to establish the essential prerequisite of the existence of an actual or justiciable controversy"). Although the " 'decision to grant a remedy under the Declaratory Judgment[s] Act is purely discretionary,' " *Vincent Co. v. First National Supermarkets, Inc.,* 683 A.2d 361, 362 (R.I.1996), trial justices may not dispense with the traditional rules prohibiting them from rendering advisory opinions or adjudicating hypothetical issues merely to resolve potential disputes. *E.g., Langton,* 423 A.2d at 1150 (the Declaratory Judgments Act "does not authorize the Superior Court to give an advisory opinion upon hypothetical facts that are not in existence or may never come into being").

Here, there was no present, actual controversy because both sides agreed (albeit for different reasons) that the charter's residency requirement did not apply to the individual plaintiffs. Thus, in our opinion, the trial justice was not faced with an actual controversy but with only a potential dispute. Whether the individual plaintiffs may continue to live where they choose if and when they are ever offered permanent employment with the city is a question that is not yet ripe. *See Sasso v. State,* 686 A.2d 88, 91 (R.I.1996) ("that which is not ripe for decision cannot and should not be decided in a declaratory-judgment action"). It was not in actual controversy before the trial justice, and it is not now properly before us. Thus, the trial justice erred in ruling that the individual plaintiffs were employees within the meaning of the charter. The individual plaintiffs who

---

1. The court heard this matter pursuant to an order directing both parties to appear and show cause why this appeal should not be summarily decided. After reviewing the record, considering the memoranda filed by the parties, and hearing their counsel at oral argument, we determine that cause has not been shown; therefore, this case will be decided without further briefing or argument.

currently are free to live outside the city came before the trial justice "to get these answers in advance." But that is not the function of a declaratory judgment.

Having determined that no actual controversy exists, we find it unnecessary to consider the city's other arguments. For the reasons set forth in this opinion, the defendant's appeal is sustained and the judgment of the trial court is vacated. The papers in this case are to be remanded to the Superior Court so that a judgment can be entered dismissing the plaintiffs' complaint.