PAWTUCKET SCHOOL
COMMITTEE et al.

v.

The PAWTUCKET TEACHERS' ALLIANCE, LOCAL NO. 930, AMERICAN FEDERATION OF TEACHERS et al.

No. 94–35–Appeal.

Supreme Court of Rhode Island.

Jan. 24, 1995.

Stephen Robinson, Katherine Merolla, Providence, for plaintiffs.

Richard Skolnik, Providence, for defendants.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court on December 20, 1994, pursuant to an order directing the defendants to appear and show cause why their appeal should not be summarily denied and dismissed. In this case the defendants, the Pawtucket Teachers' Alliance, Local No. 930, American Federation of Teachers, and Mary Ann Kaveny, in her capacity as president of the Pawtucket Teachers' Alliance, and Donna DiBiasio, in her capacity as secretary of the Pawtucket Teachers' Alliance, appeal from the entry of judgment for the plaintiffs in this litigation over whether a particular matter is arbitrable under their collective bargaining agreement with the Pawtucket School Committee.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court is of the opinion that cause has not been shown. The issues raised in this appeal will be considered at this time.

In this case plaintiff school committee petitioned for a declaratory judgment in the Superior Court based on the following events. In February 1993, the associate director of the Pawtucket Bilingual/English as a Second Language Program (ESL) issued a directive requiring all teachers in the Limited English Proficiency Program to submit to her, once a month, a copy of their lesson plans for the following week. In that memorandum to the teachers, the director explained that, "[the] purpose of this new procedure is to provide me with a greater knowledge of what is being taught in your classes." The school committee denied the grievance filed by the teachers' alliance and the union sought arbitration under its collective bargaining agreement. The school committee then petitioned the Superior Court for a declaratory judgment and sought to enjoin arbitration.

The plaintiff school committee took the position that the new directive was a management prerogative and therefore not arbitrable. According to the school committee, the union's only recourse was to seek administrative remedies by appealing to the Commissioner of Elementary and Secondary Education pursuant to G.L.1956 (1988 Reenactment) § 16–39–2. The union argued that the new procedure was a unilateral change in working conditions and therefore constituted a violation of the collective bargaining agreement.

On January 18, 1994, the trial justice found that the lesson plan directive was a management prerogative that is not arbitrable. Judgment was entered for plaintiffs and defendant filed a timely appeal.

Under G.L.1956 (1988 Reenactment) § 16–2–9, as amended by P.L.1991, ch. 44, art. 44, § 1, the local school committee is responsible for the operation and management of the schools within its district. More particularly, § 16–2–9(a)(3) imposes a duty on the school committee, "To provide for and assure the implementation of federal and state laws, the regulations of the board of regents [board of regents for elementary and secondary education], and of local school policies, programs and directives." The issues before us concern the ESL programs in Pawtucket schools, a duty which is expressly delegated to the school committee through § 16–2–9(a)(3) and more specifically by chapter 54 of title 16, of the General Laws entitled "Education of Limited–English Proficient Students." Section 2 of that law imposes the following duty on the school committee:

> "Duty of the school committee.—In any city or town where there is a child who is eligible to attend elementary or secondary schools, and whose English proficiency is limited to such a degree that it impedes his/her academic progress, the school committee of the city or town shall provide those special services and programs which satisfy the needs of the child with limited-English proficiency, in such programs and services as approved by the department of elementary and secondary education *in accordance with rules and regulations promulgated by the board of regents for elementary and secondary education.*" (Emphasis added.) G.L.1956 (1988 Reenactment) § 16–54–2.

It was asserted to the court, without contradiction, that in every city or town individuals within the school administration such as the associate director in Pawtucket, act for the school committee in overseeing and evaluating day to day operations in the ESL programs. In this way the school committees succeed in maintaining the necessary management of the schools and the various programs mandated by state and federal law.

We have stated clearly that while the school committee can negotiate many items with the professional and nonprofessional employees of the system, it cannot bargain away statutory powers and responsibilities. *See Vose v. Rhode Island Brotherhood of Correctional Officers,* 587 A.2d 913 (R.I.1991), and *Rhode Island Court Reporters Alliance v. State,* 591 A.2d 376 (R.I.1991). In our opinion, evaluating ESL programs and determining whether they conform with state law and the rules and regulations promulgated by the Board of Regents for Elementary and Secondary Education are requirements of state law and cannot be submitted to arbitration.

Even without the precedent of *Vose* and *Court Reporters Alliance,* the issue here would not be arbitrable because it was never the subject of the collective bargaining agreement.

Finally, the union's attempt to argue past practice must also fail. There is simply no past practice regarding the evaluation of the ESL programs that would overcome the fact that they are not specifically referenced in the collective bargaining agreement. The union has failed to establish that there is an arbitrable grievance.

For these reasons the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

LEDERBERG, Justice, did not participate.