**TECHNOLOGY INVESTORS**

v.

**TOWN OF WESTERLY et al.**

**No. 95–149–Appeal.**

Supreme Court of Rhode Island.

March 4, 1997.

Thomas J. Liguori, Jr., Westerly, for Plaintiff.

John C. Levanti, Westerly, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on appeal by the defendants, the town of Westerly et al (the town), from a judgment entered in the Superior Court in favor of the plaintiff, Technology Investors, following a nonjury trial.[1] We

reverse. The facts insofar as pertinent to this appeal are as follows.

The plaintiff is a general partnership composed of four individuals. These four individuals are also the sole shareholders of Connector Technology Corporation, a Rhode Island entity. In 1983 the corporation acquired the assets of an engineering firm located in Central Falls that was then in receivership. Thereafter, plaintiff, primarily through its partner and lawyer Robert E. Liguori (Liguori) began preparations to move the corporation to another location. At trial, Liguori testified that he was told that the town would consider granting a property-tax abatement to plaintiff if plaintiff would move the corporation to Westerly. On June 19, 1986, plaintiff entered into an agreement to purchase a parcel of land in Westerly. One of the conditions of the sale was receipt by the plaintiff of a property-tax abatement on the parcel from the town. On July 29, 1986, Liguori made a formal application for a tax abatement of 50 percent to be reduced to 0 percent over a five-year period. The application stated that the sales agreement for the Westerly parcel was contingent upon the town's grant of the abatement.

The plaintiff's abatement application was considered at a meeting of the Westerly Town Council on October 6, 1986. Liguori testified that he was assured at the meeting that the tax abatement would be granted. Liguori testified that he closed on the property on October 29, 1986, in reliance on the town council's assurances. The town council passed an ordinance granting the abatement to plaintiff on November 10, 1986.[2]

The Westerly tax assessor subsequently refused to abate the property taxes on the subject parcel, in part on the ground that G.L.1956 § 44–3–9 does not permit municipalities to grant tax abatements to Rhode Island businesses that relocate intrastate. The plaintiff subsequently brought suit in Superior Court to enforce the abatement. The town argued that it could not be bound to abate plaintiff's property taxes on the

---

1. The case was bifurcated. The issue of liability was heard on July 5, 1994. The issue of damages was heard October 7 and October 14, 1994.

2. The ordinance actually passed granted an abatement for ten years, this ordinance was amended November 24, 1986, to a period of five years so as to conform to the parties' intentions.

ground that the purported abatement was granted illegally. After a hearing on the merits, a justice of the Superior Court rendered judgment in favor of plaintiff. This appeal ensued.

 In support of this appeal, the town contends that the trial justice erred in ruling that it is estopped from claiming that its grant of the tax abatement was illegal and the town further contends that plaintiff's reliance on its representations was not reasonable. We agree.

 On review, we follow the well-settled principle that the findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Rego Displays, Inc. v. Fournier,* 119 R.I. 469, 472–73, 379 A.2d 1098, 1100–01 (1977).

 As a general rule a municipality may not enact an ordinance that is inconsistent with a state statute. G.L.1956 § 45–6–1; *Berberian v. Housing Authority of Cranston,* 112 R.I. 771, 774–75, 315 A.2d 747, 749 (1974). General Laws 1956 (1988 Reenactment) § 44–3–9 forbids municipalities from granting abatements to businesses that relocate within Rhode Island. The statute provides, in pertinent part:

> "**Exemption or stabilizing of taxes on property used for manufacturing or commercial purposes.**—Except as hereinafter provided, the electors of any town qualified to vote on a proposition to appropriate money or impose a tax when legally assembled, may vote to authorize the town council of the town * * * to exempt from payment, in whole or in part, real and personal property used for manufacturing, or commercial purposes, or to determine a stabilized amount of taxes to be paid on account of the property[.] * * * *Nothing in this section shall be deemed to permit the exemption or stabilization herein provided for any manufacturing or commercial concern relocating from one city or town within the state of Rhode Island to another.*" (Emphasis added.) (The 1988

Reenactment was in effect at all times relevant to this controversy.)

In the instant case we hold that the town's ordinance, designed to lure the plaintiff to Westerly from Central Falls, was enacted in clear contravention of state law. The significant policy that undergirds this rule cannot be set aside by estoppel. A municipality may, when acting within its authority, be estopped from denying that its acts induced another's detrimental reliance. *Ferrelli v. Department of Employment Security,* 106 R.I. 588, 594, 261 A.2d 906, 910 (1970). Such an estoppel cannot be applicable when the municipality's acts were clearly ultra vires. Moreover, there was no reasonable reliance on the ordinance by Liguori, who is a sophisticated lawyer and businessman. We are of the opinion that the trial justice's holding in respect to estoppel in the instant case constituted reversible error. In light of our determination of this issue, it is unnecessary to reach other claims raised by the town.

For the reasons stated, the town's appeal is sustained. The judgment of the Superior Court is reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.