**WOONSOCKET TEACHERS' GUILD LOCAL UNION 951, AFT et al.**

v.

**WOONSOCKET SCHOOL COMMITTEE.**

No. 96–22–Appeal.

Supreme Court of Rhode Island.

June 9, 1997.

Robert S. Parker, Richard A. Skolnik, Providence, for Plaintiff.

Richard R. Ackerman, Woonsocket, for Defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

FLANDERS, Justice.

■ This case calls upon us to construe G.L.1956 § 9–1–31 [1]—a statute mandating that teachers assaulted at work receive their full salaries while they are absent from employment because of their injuries. However, if the resulting disability continues for a period of one year, the statute also requires the injured teacher to apply "to the Rhode Island employees retirement system for appropriate benefits for which that person is entitled." Section § 9–1–31(e). Accordingly we hold that a teacher's receipt of the full-salary benefit provided for by § 9–1–31(d) is burdened by the condition of applying to the retirement system in a timely manner for the appropriate benefits to which that teacher may be entitled. Consequently we reverse a declaratory judgment that allowed a disabled teacher to determine for herself that she was ineligible for such benefits and that she thus was not required to apply for them while continuing to receive her full salary for however long she remains disabled.

In December 1991 plaintiff Hanni Morin (Morin), a teacher in the Woonsocket School System and an employee of the defendant Woonsocket School Committee (committee), was injured in the course of her employment when she jerked her head away from a punch thrown by a student. Because of her disability Morin has been unable to work as a teacher. However, pursuant to § 9–1–31, she continues to receive her full salary, offset by her workers' compensation benefits.[2] In

1. General Laws 1956 § 9–1–31 provides in pertinent part:

"(d) Any teacher * * * absent from * * * employment as a result of injury sustained during an assault upon such teacher * * * that occurred while the teacher * * * was discharging his or her duties within the scope of his or her employment * * * shall continue to receive his or her full salary, while so absent, except that the amount of any workers' compensation award may be deducted from his or her salary payments during such absence.

"(e) A person * * * injured in accordance with subdivision (d) * * * who receives a disability therefrom, which renders them unable to fully perform their normal duties shall, if such disability continues for a period of one year, apply to the Rhode Island employees retirement system for appropriate benefits for which that person is entitled."

2. The committee argues that the terms in the parties' collective-bargaining agreement (CBA) respecting workers' compensation and fringe benefits supersede the provisions of § 9–1–31. The CBA provides that in the event a teacher collects workers' compensation, the teacher should be paid the difference between the compensation check and the teacher's regular base pay for two years, and that thereafter the difference should be charged to and deducted from the teacher's sick-leave account. After that account is exhausted, the CBA provides that teachers are to receive only their workers' compensation ben-

January 1996 she also obtained a declaratory judgment in the Superior Court which declared, *inter alia*, that since § 9–1–31(e) does not impose any penalty for Morin's refusal to apply to the retirement system for "appropriate benefits," § 9–1–31(d) protected her right to continue receiving her full salary (with no deduction from her sick-leave account), notwithstanding her refusal to apply. It is from this judgment that the committee appeals.

█ A decision to grant a remedy under the Uniform Declaratory Judgments Act is purely discretionary, *see* G.L.1956 § 9–30–6, and " 'should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof.' " *Vincent Co. v. First National Supermarkets, Inc.*, 683 A.2d 361, 362 (R.I.1996). Because the declaratory judgment under review contravenes the "shall apply" mandate of § 9–1–31(e), we believe that the trial justice improperly exercised his discretion in awarding Morin the declaratory relief she sought.

Section 9–1–31(e) states that a person injured in accordance with § 9–1–31(d) *"shall,* if such disability continues for a period of one year, *apply* to the Rhode Island employees retirement system for appropriate benefits for which that person is entitled." (Emphases added.) It is not disputed for purposes of this appeal that Morin was injured in accordance with § 9–1–31(d), that because of her injuries she has been unable to perform her normal teaching duties fully, and that her disability has continued for a period of one year (and beyond). Nonetheless Morin contends that she is not required to apply to the retirement system because, in her estimation, she would not be entitled to any benefits. Thus, if her argument were to carry the day, it would conveniently leave Morin in the position of receiving indefinitely the full-salary benefits afforded to her by § 9–1–31(d) without incurring the coincident burden imposed by § 9–1–31(e) of applying to the retirement system for whatever benefits may be appropriate to her situation. In our judgment the statute's mandatory "shall apply" language

will not countenance such a result. Having suffered for a year under a disability sustained in accordance with § 9–1–31(d), Morin was required by law to apply to the retirement system pursuant to § 9–1–31(e) as a condition to her receipt of the full-salary benefits provided for by § 9–1–31(d). *Cf. Gross v. State of Rhode Island, Division of Taxation*, 659 A.2d 670, 671 (R.I.1995) ("[c]ompliance with this provision [G.L.1956 § 8–8–26] is mandatory since the Legislature's * * * use of the word 'shall' permits no other conclusion").

The bitter is inseparable from the sweet: having failed to assume the statute's burden of applying to the retirement system for whatever benefits may be appropriate for a teacher in her situation, Morin has thereby precluded herself from receiving the full-salary payment provided for by § 9–1–31(d). Accordingly Morin shall be required to reimburse the committee for all amounts paid to her after December 13, 1992 (the one-year anniversary date of her injury), in excess of that amount required to be paid to her by the collective-bargaining agreement, together with interest thereon at the legal rate from the date such payments were made to her.

For the foregoing reasons the committee's appeal is sustained, the declaratory judgment appealed from is reversed, and the papers of this case are remanded to the Superior Court so that an amended judgment may be entered consistent with this opinion.

GOLDBERG, J., did not participate.

---

efits. As the trial justice noted, however, both parties agreed below that, notwithstanding the CBA, § 9–1–31 controlled. Accordingly the committee will not be allowed to shift ground on appeal after assuming a contrary stance before the trial court.