**Firmino SPENCER**

v.

**Michael D. COTRONEO.**

**No. 97–419–Appeal.**

Supreme Court of Rhode Island.

May 26, 1998.

Joseph F. Dugan.

Michael D. Cotroneo, Pro Se.

**ORDER**

This case came before a panel of the Supreme Court on May 19, 1998, pursuant to an order directing the defendant appellant Michael Cotroneo to appear and show cause why the issues raised by his appeal should not be summarily decided.

Both parties to the appeal have been heard; their memoranda have been reviewed

---

and we conclude that cause has not been shown. Accordingly, the appeal will be decided at this time.

This is a civil action for breach of contract. In August 1991, the plaintiff, Firmino Spencer (Spencer), entered into a written agreement with the defendant Michael Cotroneo (Cotroneo). By terms of the agreement Spencer engaged Cotroneo to construct a residential dwelling on land owned by Spencer at a cost of $70,000. Spencer agreed to pay Cotroneo $50,000 upon the execution of the agreement and $20,000 upon completion of the house. Because Spencer, a merchant seaman, was going to be away for some time, the house was intended to be completed by the time of his expected return in the Spring of 1992. Spencer paid Cotroneo the initial $50,000 upon the execution of the contract and shortly thereafter left the state.

Upon his return in the Spring of 1992, Spencer found that the house had not been completed and following a dispute with Cotroneo over what remaining work had to be done, and what was an extra as opposed to what was included in the contract, Cotroneo abandoned the construction project.

Spencer filed suit in the Superior Court alleging that Cotroneo had breached the agreement and requested damages including the cost for completing the unfinished work. Cotroneo answered denying any breach by him of the contract and contended that Spencer was demanding work to be done that was not part of the original agreement and constituted extras for which Spencer refused to pay.

The case was reached for trial before a trial justice in the Superior Court sitting without a jury. On the first day of trial Cotroneo did not appear. His attorney, who was present, informed the trial justice that he had attempted without success to reach Cotroneo the night before to inform him to be present. The attorney added that on the morning of trial, he had telephoned Cotroneo but was told that Cotroneo had already left for work. The attorney did not request a trial continuance, not did he make any objection to the trial justice's proceeding in the absence of his client, Cotroneo.

On the first day of the trial, the plaintiff Spencer's case in chief was presented and completed. Spencer and Floyd Queen (Queen), a contractor-expert witness, both testified. Queen, experienced as a general contractor in the construction field and qualified by the trial justice to offer expert opinion testimony, testified that it would cost $42,934.10 to complete the dwelling house in accordance with the construction agreement.

At the conclusion of the plaintiff Spencer's case, the trial justice then continued the trial until May 27, 1995 so as to permit Cotroneo an opportunity to be present and to offer any defense to the plaintiff's claim. On that day, Cotroneo and his brother, Joseph Cotroneo, appeared and both testified. They in substance testified that the plaintiff's house had been "93 percent" completed, and that the plaintiff had expressed approval of the completed work. Defendant Cotroneo testified that while some work remained to be done, Spencer had prevented completion of the work by locking him out of the house. Cotroneo also testified that Spencer wanted him to install "extras" without paying any additional costs for the extras.

The trial justice, at the conclusion of the trial evidence, found in favor of Spencer. In so doing, he weighed and evaluated the trial evidence and found both Spencer and Queen's testimony to be the more credible. He analyzed Spencer's damage claim evidence and concluded that some of the unfinished items evaluated by Queen in arriving at his $42,934.10 completion estimate were not in fact not items that were called for in the written agreement between the parties. Accordingly, the trial justice fixed the plaintiff Spencer's expected cost of completion damages to be $30,860.60. Alleging now that he had been ineffectively represented by his trial counsel, the defendant Cotroneo appeals and represents himself pro se.

In his appeal, Cotroneo questions the validity of Queen's testimony regarding the estimated cost to complete the unfinished work called for in the agreement. He claims that Spencer and Queen misrepresented the facts to the trial justice and that his counsel had not, in his absence, properly represented his interest at the first day of trial. He claims

also that his counsel did not adequately notify him of the scheduled trial and he questions why the trial judge "decided the case without an on-site, walk through inspection of the house in question, performed by an impartial third party." He claims that he was the "victim of malpractice by his attorney" and denied a fair trial and that "a miscarriage of justice has occurred."

Whatever misgivings Cotroneo may harbor about the adequacy of his legal representation is a matter that remains between himself and that attorney. If what Cotroneo alleges is true, he can certainly file an action for legal malpractice against his former attorney. He cannot, however litigate that alleged malpractice in this appeal.

After a careful review of the trial record and the trial justice's decision and findings, we conclude that Cotroneo's appellate assertions regarding trial witness credibility and the trial justice's findings are without merit. *Vargas Manufacturing Co. v. Friedman,* 661 A.2d 48, 53 (R.I.1995). Findings made by a trial justice sitting without a jury are accorded great weight by this Court. Additionally, the trial justice was never requested to take a view of the questioned construction site nor was he required sua sponte to hire and engage an independent construction contractor to do so for the court. Simply put, the trial justice found both Spencer and his expert witness to be credible, and found Cotroneo and his brother to be not so credible. That was a discretionary judgment call for the trial justice to make, and absent a showing here on appeal that the trial justice overlooked or misconceived material trial evidence in making his findings including that of the credibility of the trial witness, we will not disturb his findings. *Technology Investors v. Town of Westerly,* 689 A.2d 1060, 1062 (R.I. 1997). *See also In re Jessica C.,* 690 A.2d 1357, 1362 (R.I.1997); *Wickes Asset Management, Inc. v. Dupuis,* 679 A.2d 314, 317 (R.I.1996); *State v. McKone,* 673 A.2d 1068, 1073 (R.I.1996).

Accordingly, for the foregoing reasons, the defendant Cotroneo's appeal is denied and dismissed, and the papers in this case are remanded to the Superior Court.

LEDERBERG and GOLDBERG, JJ., did not participate.