Jack MONTEIRO and Sharon Montero

v.

James BJARTMARZ and
Carol Bjartmarz.

No. 97–22–A.

Supreme Court of Rhode Island.

Oct. 1, 1998.

John F. Pellizzari, Woonsocket.

Lauren E. Jones, Providence.

## ORDER

The defendants, James and Carol Bjartmarz appeal from a Superior Court judgment in favor of the plaintiffs, Jack and Sharon Monteiro, in a trespass and ejectment action. Following a prebriefing conference, this case was assigned to the full court for a session in conference in accordance with Rule 12(A)(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the memoranda filed by counsel, we proceed to decide this case without further briefing or argument.

On August 25, 1995, the plaintiffs and the defendants entered into a lease agreement whereby the defendants agreed to lease a house from the plaintiffs for a term of one year beginning September 1, 1995. On September 26, 1996, the plaintiffs filed a trespass and ejectment action against the defendants in the District Court pursuant to G.L.1956 § 34–18–38, claiming that the defendants were unlawfully holding over after the expiration of the lease. The defendants filed an answer and a counterclaim, maintaining that the eviction was retaliatory.

On November 1, 1996, the District Court entered a judgment for the plaintiffs, granting them possession and damages. The defendants' counterclaim was denied and dismissed. The defendants appealed to the Superior Court on November 6, 1996. On December 2, 1996, following a jury-waived trial, a Superior Court trial justice granted judgment for the plaintiffs. The trial justice concluded that the eviction was not retaliatory. The trial justice also ordered that

the defendants' counterclaim, to the extent it was litigated, be denied and dismissed.

The defendants assert that the trial justice misinterpreted the applicability of § 34–18–46, which prohibits retaliatory conduct, in ruling that because the eviction was commenced after the expiration of the lease, it was not retaliatory. The defendants contend that their complaint to a governmental agency within six (6) months before the notice to terminate, created a presumption that the plaintiffs' conduct was retaliatory. The trial justice found that the plaintiffs' conduct was reasonable, and that therefore they had overcome the presumption set forth in the statute. We agree.

This court's review of the findings of a trial justice sitting without the intervention of a jury is extremely deferential. *Technology Investors v. Town of Westerly*, 689 A.2d 1060, 1062 (R.I.1997). We will not disturb the findings of a trial justice unless it is shown that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Id.*

After a careful review of the record in this case, we find that the trial justice properly concluded that plaintiffs' action for possession was based on the termination of the lease and did not constitute a retaliatory eviction.

The defendants also contend that the trial justice erred in making findings and conclusions on their counterclaim, after the counterclaim had been withdrawn without prejudice. A review of the record indicates that the defendants' counterclaim was in fact voluntarily withdrawn. As a consequence, we conclude that the trial justice erred in entering what purported to be a final judgment denying the counterclaim.

For the forgoing reasons, the defendants' appeal is sustained in part and denied in part. The papers may be remanded to the Superior Court for entry of an amended judgment to reflect that the defendants' counterclaim was dismissed without prejudice with the approval of the court, the con-

sent of the plaintiffs, and in accordance with Super.R.Civ.P. 41(2).

GOLDBERG, J., did not participate.