Deborah OWENS

v.

John OWENS.

No. 98–132–A.

Supreme Court of Rhode Island.

Dec. 21, 1998.

M. Elizabeth Stachura.

Joseph T. Houlihan, Newport.

## ORDER

Following a prebriefing conference before a single justice of this court, this case came before the full court for a session in conference in accordance with Rule 12(a)(3)(b) of the Rules of Appellate Procedure. The defendant appeals from an order granting plaintiff's motion for attorney's fees. For the following reasons, the defendant's appeal is sustained.

The parties were divorced by final decree entered on August 17, 1989. They were awarded joint custody of their only child; the plaintiff was awarded physical possession and the defendant was awarded visitation. The defendant was also ordered to pay child support.

In 1996 the defendant filed a complaint for visitation rights alleging that the plaintiff had prohibited him from visiting with their child. The plaintiff counterclaimed for sole custody and she requested that the defendant be denied further visitation on the basis that he failed to exercise his rights to visitation for four years and has a history of physical and mental abuse against the plaintiff and their child. The plaintiff also requested attorney's fees and costs.

A hearing was held and an order entered denying the defendant's complaint for visitation rights, denying any further rights of visitation, and awarding sole custody to plaintiff. Later, the plaintiff moved for the payment of attorney's fees in the defendant's action for visitation. A hearing was held and the plaintiff presented an itemized bill for attorney's fees in the amount of $4.425. The defendant testified regarding his income and expenses.

At the conclusion of the hearing, the trial justice ruled that the plaintiff was entitled to be reimbursed for her attorney's fees. Since the plaintiff's attorney had been paid in full, she ordered that the defendant pay the plaintiff $100 per month until the balance of § 4,425 is paid. We hold, however, that the trial justice erred when she did not follow the teachings set out by this court in *Colonial Plumbing & Heating Supply Co. v. Contemporary Construction, Inc.*, 464 A.2d 741 (R.I.1983) in determining whether the plaintiff is entitled to attorney's fees and, by relying on her previous knowledge in determining the reasonableness of such fees.

In deciding to award the fees, the trial justice simply considered her past experience in assessing attorney's fees, and concluded that the charge was reasonable for the services rendered. The trial judge essentially took judicial notice of plaintiff's attorney's worth and she only considered one factor, the customary fee for such services. This conclusion is in direct contravention to *Colonial Plumbing* wherein we held that a trial judge could not take judicial notice of regularly accepted methods of computing legal fees in commercial collections matters based upon his or her expertise as a lawyer and a judge. *See also Laverty v. Pearlman*, 654 A.2d 696, 702–703 (R.I.1995).

The factual findings of a trial justice sitting without a jury will be given great weight and will not be disturbed by this court on appeal absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Technology Investors v. Town of Westerly*, 689 A.2d 1060 (R.I.1997).

In this case the trial justice's decision was clearly wrong in awarding an attorney's fees, and for this reason, we sustain the defendant's appeal and vacate the or-

der awarding such fees. We remand this case to the trial justice for a new hearing on the issue of attorney's fees and defendant's ability to pay such fees.