## FOREMOST INSURANCE COMPANY

v.

## Anthony PITOCCO.

### No. 99–210–A.

Supreme Court of Rhode Island.

March 17, 2000.

John A. McQueeney, Jr., Providence.

Paul DeMarco, Providence.

## ORDER

This case came before the Supreme Court for oral argument on March 6, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. The defendant, Anthony Pitocco (Pitocco), has appealed from a declaratory judgment in favor of the plaintiff, Foremost Insurance Company (Foremost). After hearing the arguments of counsel for the parties and examining their memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

On December 16, 1996, Foremost filed a complaint in Superior Court, seeking a declaration that Pitocco was not entitled to recover for the loss of his motor home under that portion of the Foremost policy insuring against the theft or larceny of the vehicle. After a jury-waived trial, the trial justice rendered a written decision in favor of Foremost after finding the following facts.

In late 1992, Pitocco granted permission to his long-time friend, George Peloso (Peloso), to borrow his motor home for a business and pleasure trip to Texas and California. Peloso embarked in January of 1993. During the course of his journey, Peloso learned of a job opportunity in Guatemala, whereupon he proceeded in the motor home through Mexico and into Guatemala, where the motor home sustained a broken rear axle. Peloso's efforts to repair the vehicle proved unsuccessful, and ultimately he returned to Rhode Island, leaving the motor home in a Guatemalan storage lot. Thereafter, the motor home was stolen from the storage lot, and Peloso incurred costs of about $15,000 for storage and investigative fees, although this amount had not been paid. At the time of trial in January 1999, the motor home remained in Guatemala, although Peloso testified that he still intended to return the vehicle to Pitocco when his physical health and financial situation would allow it.

Peloso's inability to produce the motor home prompted Pitocco to call the state police to report the motor home as stolen. In July of 1995, Pitocco filed a claim for loss due to theft with Foremost, which investigated and eventually denied the claim, asserting that Pitocco had not established a theft. After the ensuing litigation, the instant appeal followed.

"It is well settled that the 'findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.'" *Foley v. Osborne Court Condominium,* 724 A.2d 436, 439 (R.I.1999) (quoting *Technology Investors v. Town of Westerly,* 689 A.2d 1060, 1062 (R.I.1997)).

On appeal, Pitocco challenged the trial justice's finding that there was no theft under the terms of the insurance policy. Specifically, Pitocco argued that both Peloso's use of the motor home outside the areas Pitocco agreed to and Peloso's abandonment of the vehicle in Guatemala constituted theft sufficient to warrant insurance coverage under the policy.

There is no dispute that the policy at issue covered theft or larceny of the motor home. The policy, however, did not define those terms. In construing an insurance policy, as in other contracts, we read the policy literally, and when confronted with ambiguity, we give each word its plain and ordinary meaning. *Employers Mutual Casualty Co. v. Pires,* 723 A.2d 295, 298 (R.I.1999) (per curiam). We have stated that, "'[i]n order to constitute 'theft' within the meaning of a policy insuring against the theft of an automobile, * * * there must be present a criminal intent permanently to deprive the owner of his property.'" *Hawkins v. Agricultural Insurance Co.,* 58 R.I. 40, 48, 190 A. 858, 861 (1937). At common-law, larceny is generally defined as the trespassory taking and carrying away of the personal property of another with intent to steal it. W. LaFave &

A. Scott, *Handbook on Criminal Law,* 622 (1972); *see also* Black's Law Dictionary 881 (6th ed.1990) ("the unlawful taking and carrying away of property of another with intent to appropriate it to use inconsistent with latter's rights"); 4 W. Blackstone, Commentaries *230, *232 ("taking and carrying away of the personal goods of another" with felonious intent).

After weighing the credibility of the witnesses and finding that Peloso never intended to permanently deprive defendant of his motor home, the trial justice ruled in favor of Foremost. In light of this factual finding, to which we afford the proper deference, and because the crimes of larceny and theft require an intent to permanently deprive, we conclude that the trial justice did not err in entering judgment for Foremost. *See Mello v. Hamilton Fire Insurance Co.,* 71 R.I. 510, 47 A.2d 621 (1946) (to recover for theft under an insurance policy that does not expressly define the term, the insured "must prove a taking without consent, and intention, though not necessarily at the time of the taking, to deprive the owner permanently of his property"). Moreover, the trial justice found that the policy contained a valid territorial limitation, restricting losses to those occurring in the United States, its territories, Puerto Rico, and Canada.

For these reasons, the defendant's appeal is denied and dismissed, the final judgment is affirmed, and the papers of the case are remanded to the Superior Court.