[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This is an appeal of the September 10, 2003, decision of the Retirement Board of the Employees Retirement System of Rhode Island (Retirement Board), which denied the Appellant, Heidi Iselin (Iselin), an accidental disability pension. Jurisdiction is pursuant to G.L. 1956 §§ 42-35-15 and 9-30-1.
 FACTS AND TRAVEL
On August 7, 1983, Iselin began her employment with the State of Rhode Island On September 1, 1996, while at work for the Department of Mental Health and Retardation as a Community Living Aide, Iselin slipped on a kitchen floor that was covered with broken egg shells. A resident under Iselin's care inadvertently placed the eggs on the floor. As a result of the incident, Iselin suffered injuries to her back. Her injuries required significant medical treatments and eventually back surgery. After her surgery, Iselin became depressed and sought psychiatric treatment. Iselin has not returned to work except for one day shortly after the accident.
In June or July 2002, Iselin filed an application to receive an accidental disability pension.[1] By a letter dated October 9, 2002, Iselin was formally notified by the Retirement System's Assistant Executive Director that her application was administratively denied because her application was filed beyond the five-year time period required by G.L. 1956 § 36-10-14. Iselin appealed this denial and the matter was heard by a hearing officer on March 3, 2003. Among other evidence, the hearing officer reviewed Iselin's Exhibit 1, wherein Iselin's psychiatrist, Doctor James Whalen, stated that "due to her medical status at this time, she was unable to appreciate and comply with the deadlines" for an accidental disability pension application. At the hearing, the attorney for the Retirement Board did not challenge Iselin's mental incapacity. On June 10, 2003, the hearing officer affirmed the Retirement System's denial of Iselin's application to receive an accidental disability pension.
Iselin then appealed the hearing officer's decision to the Retirement Board. On September 10, 2003, Iselin, accompanied by counsel, appeared before the Retirement Board. After hearing testimony from Iselin and the Retirement System, the Retirement Board affirmed the hearing officer's decision. This appeal and request for declaratory judgment followed.
 STANDARD OF REVIEW
Iselin asks this Court to review the Retirement Board's decision under two separate statutes. One invokes the Superior Court's appellate jurisdiction and the other invokes the Superior Court's original jurisdiction.
First, Iselin initiates an administrative appeal under G.L. 1956 § 42-35-15 of the Administrative Procedures Act. Effective June 28, 2002, agencies and agency proceedings under Chapter 10 of Title 36 of Rhode Island General Laws became subject to review under the Administrative Procedures Act. P.L. 2002, ch. 316, § 1 and P.L. 2002, ch. 387, § 1 (prior to this time, they were exempted under G.L. 42-35-18(18)). Subsection (g) of G.L. 1956 §42-35-15 provides as follows:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"When reviewing an agency decision pursuant to [G.L. 1956] §42-35-15, the Superior Court sits as an appellate court with a limited scope of review." Mine Safety Appliances v. Berry,620 A.2d 1255, 1259 (R.I. 1993). This review "is limited to an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Barrington School Comm. v. Rhode Island State LaborRelations Bd., 608 A.2d 1126, 1138 (R.I. 1992) (citing BlueCross Blue Shield v. Caldarone, 520 A.2d 969, 972 (R.I. 1987);Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607,376 A.2d 1, 6 (1977)). If such evidence exists, this Court must uphold the agency's decision. Johnston Ambulatory Surgical Associates, Ltd.v. Nolan, 755 A.2d 799, 805 (R.I. 2000) (citing BarringtonSchool, 608 A.2d at 1138). The trial judge "may not substitute his or her judgment for that of the administrative agency."Bunch v. Board of Review, 690 A.2d 335, 337 (R.I. 1997). The trial judge may reverse the findings of the agency "only in instances wherein the conclusions and the findings of fact are `totally devoid of competent evidentiary support in the record,' or from the reasonable inferences that might be drawn from such evidence." Bunch, 690 A.2d at 337 (quoting Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981)) (citing Guarino v. Department of Social Welfare, 122 R.I. 583, 588-89, 410 A.2d 425, 428 (1980)).
"Questions of law, however, are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts." Narragansett Wire Co. v. Norberg,118 R.I. 596, 607, 376 A.2d 1, 16 (R.I. 1977) (citing Retail,Wholesale and Dep't Store Union, AFL-CIO v. NLRB, 466 F.2d 380
(D.C. Cir. 1972); Ridgely v. Secretary of Dep't of HEW,345 F. Supp. 983 (D. Md. 1972); Blue Earth County Welfare Dep't v.Cabellero, 302 Minn. 329, 225 N.W.2d 373 (1974)). A caveat to this general rule is: "[a]lthough [the Rhode Island Supreme] Court is the ultimate arbiter of law, [the Rhode Island Supreme Court] give[s] deference to an agency's interpretation of an ambiguous statute that it has been charged with administering and enforcing, provided that the agency's construction is neither clearly erroneous nor unauthorized." Arnold v. Rhode IslandDep't of Labor and Training Bd. of Review, 822 A.2d 164, 169 (R.I. 2003) (citing In re Lallo, 768 A.2d 921, 926 (R.I. 2001)). See also Lyman v. Employee's Retirement System ofthe State of Rhode Island, 693 A.2d 1030, 1031 (R.I. 1997);Pawtucket Power Associates Limited Partnership v. City ofPawtucket, 622 A.2d 452, 456-57 (R.I. 1993). The Superior Court may be guided by principles of equity when reviewing questions of law. See Defalco v. Voccola, 557 A.2d 474, 476 (R.I. 1989).
Second, Iselin seeks a declaratory judgment from this Court pursuant to G.L. 1956 § 9-30-1, which provides as follows:
 "The superior or family court upon petition, following such procedure as the court by general or special rules may prescribe, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."
An actual justiciable controversy is a predicate to this Court's exercise of its jurisdiction over declaratory judgments under the Uniform Declaratory Judgments Act. See, e.g., ProvidenceTeachers Union v. Napolitano, 690 A.2d 855, 856 (R.I. 1997). This Court's power to issue declaratory judgements "is broadly construed, to allow the trial justice to `facilitate the termination of controversies.'" Bradford Assocs. v. Rhode IslandDiv. of Purchases, 772 A.2d 485, 489 (R.I. 2001) (quotingCapital Properties, Inc. v. State, 749 A.2d 1069, 1080 (R.I. 1999) (quoting Fireman's Fund Insurance Co. v. E.W. Burman,Inc., 120 R.I. 841, 845, 391 A.2d 99, 101 (1978)). A declaratory judgment action may not be used "for the determination of abstract questions or the rendering of advisory opinions." Lambv. Perry, 101 R.I. 538, 542, 225 A.2d 521, 523 (1967). "An action pursuant to [this] act invokes the original, rather than appellate, jurisdiction of the Superior Court." Bradford Assocs.v. Rhode Island Div. of Purchases, 772 A.2d 485, 489 (R.I. 2001) (citing Canario v. Culhane, 752 A.2d 476, 479 (R.I. 2000);Roch v. Garrahy, 419 A.2d 827, 830 (R.I. 1980)). The Superior Court's decision to grant or deny declaratory relief is purely discretionary; however, this authority is not absolute as it may be reviewed on appeal for improper exercise of discretion or otherwise abuse of authority. See Woonsocket Teachers GuildLocal Union 951, AFT v. Woonsocket School Committee,694 A.2d 727, 729 (R.I. 1997); Lombardi v. Goodyear Loan Co.,549 A.2d 1025, 1027 (R.I. 1988); State v. Cianci, 496 A.2d 139, 146 (R.I. 1985).
 TIMELINESS
Iselin does not contest the legality of the five-year statutory period for filing an application for an accidental disability pension. Rather, Iselin argues the deadline should have been tolled by the Retirement Board due to her inability to manage her daily affairs when the application was due. Acknowledging no Rhode Island case law exists to support her position, Iselin analogizes other case law and statutes, such as workers' compensation cases.
In her Complaint, Iselin heavily relies upon Bowen v. City ofNew York, 476 U.S. 467 (1986), wherein the United States Supreme Court applied a "traditional equitable tolling principle" to a sixty-day time requirement imposed by the United States Department of Health and Human Services for federal disability benefits administered by the Social Security Administration. Iselin asks this Court for declaratory relief and maintains the Retirement Board's findings, inferences, conclusions, and decisions were in violation of the Administrative Procedures Act, specifically G.L. 1956 § 42-35-15(g)(1)-(6).
In contrast, the Retirement Board contends it is bound by the five-year time limitation established by the Legislature in G.L. 1956 § 36-10-14(b) for the submission of an accidental disability pension application. The Retirement Board contends Rhode Island General Laws "compel" the Retirement Board to deny Iselin's application and that it cannot modify the statutory provisions of the Legislature. The Retirement Board claims this Court must literally apply the language of this statute as it is clear and unambiguous. The Retirement Board points out that disabled members of Employees Retirement System of Rhode Island (ERSRI) who are not able to meet the criteria for an accidental disability pension are eligible for an ordinary disability pension. The Retirement Board maintains a strict time requirement preserves the integrity of awarding accidental disability pensions. Finally, the Retirement Board argues it is responsible for the general administration and proper operation of the ERSRI and that the retirement statutes control.
The issue is whether the Retirement Board may apply equitable tolling to the statutory time frame established by the Legislature for an accidental disability pension application. The controlling statute, Rhode Island General Laws 1956 §36-10-14(b), provides as follows:
 "The application shall be made within five (5) years of the alleged accident from which the injury was resulted in the member's present disability and shall be accompanied by an accident report and a physician's report certifying to the disability; provided that, if the member was able to return to his or her employment and subsequently reinjures or aggravates the same injury, the application shall be made within the latter of five (5) years of the alleged accident or three (3) years of the reinjury or aggravation."
"It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Solas v. Emergency Hiring Council of theState of R.I., 774 A.2d 820, 824 (R.I. 2001), (quoting AccentsStore Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)). "Moreover, when we examine an unambiguous statute, `there is no room for statutory construction and we must apply the statute as written.'" Id. (citing State v. DiCicco,707 A.2d 251, 253 (R.I. 1998)) (quoting In re Denisewich,643 A.2d 1194, 1197 (R.I. 1994)).
Additionally, "it is also a well-recognized doctrine of administrative law that deference will be accorded to an administrative agency when it interprets a statute whose administration and enforcement have been entrusted to the agency." Pawtucket Power Associates Ltd. Partnership v. City ofPawtucket, 622 A.2d 452, 456-457 (R.I. 1993) (citations omitted). "[D]eference is accorded even when the agency's interpretation is not the only permissible interpretation that could be applied." Id. (citing Young v. Community NutritionInstitute, 476 U.S. 974, 981 (1986)). Moreover, "the construction given by the agency charged with its enforcement is entitled to weight and deference as long as that construction is not clearly erroneous or unauthorized." Asadoorian v. WarwickSchool Committee, 691 A.2d 573, 577 (R.I. 1997) (citingGallison v. Bristol School Committee, 493 A.2d 164, 166 (R.I. 1985)).
In Chapter 8 of Title 36, the Legislature vested "[t]he general administration and the responsibility for the proper operation of the retirement system" of Rhode Island in the Retirement Board. G.L. 1956 § 36-8-3. The Retirement Board was endowed by the Legislature "with a broad grant of authority over the state retirement system. . . ." Perotti v. Solomon, 657 A.2d 1045, 1047-48 (R.I. 1995). "The retirement board possesses the power to `establish rules and regulations' for the administration and transaction of the retirement system and may `perform other such functions as are required' for the administration of the retirement system." Id. at 1048 (quoting G.L. 1956 § 36-8-3). The Legislature specifically set out the Retirement Board's authority over accidental disability retirement benefits, stating: "[t]he [R]etirement [B]oard shall establish uniform eligibility requirements, standards, and criteria for accidental disability which shall apply to all members who make application for accidental disability benefits." G.L. 1956 § 36-10-14(d).
However, the Retirement Board does not possess the authority to alter the explicit statute of limitations provided by the Legislature. See generally, State v. Rhode Island Allianceof Social Services Employees, Local 580, 747 A.2d 465, 468 (R.I. 2000); Pawtucket School Comm. v. Pawtucket Teachers' AllianceLocal No. 93, 652 A.2d 970, 972 (R.I. 1995). The ERSRI would commit an unenforceable ultra vires act if it tolled the statute of limitations provided by the Legislature. See Romano v.Retirement Board of Employees' Retirement System of RhodeIsland, 767 A.2d 35, 39 (2001); Technology Investors v. Town ofWesterly, 689 A.2d 1060, 1062 (R.I. 1997). The ERSRI also does not have the authority to modify or waive the statute of limitations set by the Legislature. Id.
As the transcript of Iselin's administrative hearing on September 10, 2003, points out, "[t]he subcommittee was sensitive to her claims with regard to her incapacity to properly comprehend or handle her affairs, but there is no statutory exemption to the General Laws which the Retirement System can turn to, to award Ms. Iselin an accidental disability pension." Tr. at 4. Likewise, this Court finds no provision in the Rhode Island General Laws or in the Code of Rhode Island Rules permitting the Retirement Board to consider an application for an accidental disability retirement under Chapter 10 of Title 36 after five years from the date of the accident.
Applying these principles to the statute at issue, this Court finds the Legislature clearly provided in G.L. 1956 § 36-10-14(b) that an application for an accidental disability pension must be filed within five years of the alleged accident. Iselin's accident occurred on September 1, 1996. However, she did not file her application for an accidental disability pension until June or July of 2002, five years and nine or ten months after her accident. Thus, Iselin's application was properly denied.
This Court distinguishes this case from the case of Bowen v.City of New York, 476 U.S. 467 (1986). First, in Bowen, the United States Supreme Court considered a federal district court's tolling of an unpublished 60-day regulatory deadline, created by the Department of Health and Human Services, as a requirement of the review process for the Social Security Administration's awarding of benefits to disabled persons. Here, the deadline is statutory and established by the Legislature. Second, the United States Supreme Court found the agency engaged in misconduct that prevented the appellant from knowing her legal rights. Important to the outcome in Bowen was the "inability of the claimant to know that the administrative scheme was not being faithfully executed." Charles H. Koch, Jr., Administrative Law andPractice, § 13.22[10] at 351 (2nd Ed. 1997). Here, there is no claim that the ERSRI engaged in any misconduct with regard to Iselin. Also, the administrative review process and deadline were public law. Finally, the United States Supreme Court determined that the deadline could be tolled when "it is consistent with Congress' intent in enacting a particular scheme. . . ." Bowen,
476 A.2d at 480. The United States Supreme Court concluded that "Congress authorized the Secretary of Health and Human Services to toll the 60-day limit thus expressing its clear intention to allow tolling in some cases." Id. The United States Supreme Court determined this Congressional intent by noting the
 "[Social Security Administration]'s regulations governing extensions of time for filing are based on considerations of fairness to claimants. Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable timely to collect necessary information, or where the Secretary undertook action that `misled' the claimant concerning his right to review. 20 C.F.R. § 404.911, 416.1411 (1985). The fairness concerns underlying the regulations support our application of equitable tolling in this case." Bowen, 476 U.S. at 480.
Here, no similar statutory or regulatory language exists to show tolling is consistent with the Legislature's intent in enacting Chapter 10 of Title 36. The Code of Rhode Island Rules provides "[c]ontinuances and postponements may be granted by the hearing officer;" however, no similar rule or statutory provision exists regarding the filing deadline for accidental disability retirement applications. Code of Rhode Island Rules, vol. 10, 37 010 004-5, at section 5.00(c). These rules and statutes also make no reference to fairness concerns. Rather, the Legislature provided a strict statutory deadline for accidental disability retirement applications. See G.L. 1956 § 36-10-14(b).
Accordingly, this Court finds the Legislature clearly and unambiguously established a five-year statute of limitations for filing accidental disability retirement applications. "It is not the function of this Court to rewrite or to amend statutes enacted by the General Assembly.'" Pierce v. Pierce,770 A.2d 867, 872 (R.I. 2001) (quoting Rhode Island Federation ofTeachers, AFT, AFL-CIO v. Sundlun, 595 A.2d 799, 802 (R.I. 1991)). This Court acknowledges that legitimate and important policy reasons support the Legislature's creation of such a strict filing deadline. "Statutes of limitation promote certainty and finality and avoid stale claims. . . ." Rivers v. AmericanCommerce Ins. Co., 836 A.2d 200, 204 (R.I. 2003) (quoting Roev. Gelineau, 794 A.2d 476, 485 (R.I. 2002)). This Court finds the Retirement Board acted within the statutory framework established by the Legislature in barring Iselin's application for untimeliness, and concludes that the Retirement Board's decision is not in violation of constitutional or statutory provisions, in excess of the statutory authority of the agency, made upon unlawful procedure, affected by other error or law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Exercising its discretion, this Court declines to entertain Iselin's request for declaratory relief. See WoonsocketTeachers Guild Local Union 951, AFT v. Woonsocket SchoolCommittee, 694 A.2d 727, 729 (R.I. 1997); Lombardi v. GoodyearLoan Co., 549 A.2d 1025, 1027 (R.I. 1988); State v. Cianci,496 A.2d 139, 146 (R.I. 1985). The Administrative Procedures Act provided Iselin with an adequate remedy for redress. Her question of law is resolved. Any declaratory relief provided by this Court would be duplicative of the administrative review process.
 CONCLUSION
After a review of the entire record, this Court finds the decision by the Retirement Board did not prejudice Iselin's substantial rights in violation of G.L. 1956 § 42-35-15(g). This Court affirms the Retirement Board's finding that the Legislature has not provided the Retirement Board with discretion to overcome the five-year statute of limitation explicitly set forth by the Legislature for filing an accidental disability pension under G.L. 1956 § 36-10-14(b). Accordingly, Iselin's appeal is denied, the decision of the Retirement Board is hereby affirmed, and this Court declines to entertain a request for declaratory relief.
Counsel shall prepare the appropriate judgment for entry.
[1] The date stamp on Iselin's application was introduced at her administrative hearing as Respondent's Exhibit 1. The date stamp was not fully legible but refers to either the month of June or July.