[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND ORDER VACATING ARBITRATOR'S AWARD
By this appeal, the State of Rhode Island seeks to vacate an arbitration award in favor of the Rhode Island Brotherhood of Correctional Officers ("Union"). Jurisdiction is pursuant to G.L. 1956 §28-9-14.
The State and the Union are parties to a collective bargaining agreement (CBA), which governs the relationship between the Union and the Department of Corrections (DOC). The DOC operates the Adult Correctional Institutions (ACI), comprising several facilities, including the Intake Service Center (ISC), a maximum security detention facility for male inmates awaiting arraignment and trial.
On December 28, 2001, the Union filed a grievance claiming that the DOC had failed to post certain vacant positions at the ISC. Under the CBA, correctional officers may bid on a "post" according to seniority. The Union alleged that there were fifteen vacant positions on the 3:00 p.m. to 11:00 p.m. shift that were not posted within seven days of becoming vacant, as contemplated by Article 10.2 of the CBA. DOC management assigned probationary correctional officers, or cadets, to fill those fifteen vacant assignments.[1] The DOC's hearing officer denied the grievance, holding that staffing issues fell within management's prerogative. The Union sought review of that decision, but a Labor Relations Hearing Officer denied the grievance, also agreeing that staffing was management's prerogative.
An arbitration hearing was held on October 29, 2002. In December 2002, prior to any decision by the arbitrator, DOC posted the fifteen vacant positions, which were filled by correctional officers who chose to bid on the assignments. In March 2003, the arbitrator found that the DOC had violated Article 10.2 of the CBA. The arbitrator acknowledged that staffing was, indeed, management's prerogative, but he decided that the dispute did not involve staffing. Instead, the arbitrator believed that the issue related to proper notice of vacant positions and that such a CBA notice requirement was not preempted by management's rights. A cease and desist order was issued. The State subsequently filed a motion to vacate the arbitration award.
 * * *
"Arbitration . . . shall be deemed a special proceeding, of which the superior court . . . shall have jurisdiction." G.L. 1956 § 28-9-14. Judicial authority to review the merits of and/or vacate arbitration awards is somewhat limited. "The general rule is that `absent a manifest disregard of a contractual provision or a completely irrational result, [an arbitration] award will be upheld.'" State of Rhode Island Dep't ofCorrections v. Rhode Island Brotherhood of Correctional Officers,867 A.2d 823, 828 (R.I. 2005) (citations omitted). This Court, however, is statutorily obliged to vacate an arbitrator's award:
 "(1) When the award was procured by fraud[;]
 (2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made[;]
 (3) If there was no valid submission or contract, and the objection has been raised under the conditions set forth in § 28-9-13."
 Section 28-9-18(a).
An arbitrator exceeds his or her powers by hearing a dispute that is itself not arbitrable. State v. Rhode Island Alliance of Social ServicesEmployees, Local 580, SEIU, 747 A.2d 465, 468 (R.I. 2000). Accordingly, arbitration awards will be vacated if the issues determined were not arbitrable in the first place. Rhode Island Brotherhood of CorrectionalOfficers v. State Dep't of Corrections, 707 A.2d 1229, 1234 (R.I. 1998). "The issue of whether a dispute is arbitrable is a question of law. . . ." State of Rhode Island, Dep't of Corrections v. Rhode IslandBrotherhood of Correctional Officers, 866 A.2d 1241, 1247 (R.I. 2005). Arbitrable grievances are those claims that derive from the collective bargaining agreement; actions not specifically provided for in the agreement are not subject to the arbitration process. Town of Smithfieldv. Local 2050, 707 A.2d 260, 262 (R.I. 1997) (citing Rhode IslandReporters Alliance v. State, 591 A.2d 376, 378 (R.I. 1991)).
"When the scope of a governmental officer's statutory authority is questioned, that officer must be entitled to a judicial determination regarding the nature and extent of that authority." Vose v. Rhode IslandBrotherhood of Correctional Officers, 587 A.2d 913, 915 (R.I. 1991) (holding CBA invalid because it improperly attempted to contractually restrict director's statutory powers). Such a "determination of the director's statutory authority is a justiciable but not an arbitrable question. . . ." Id. Further, the "powers and responsibilities assigned to governmental employers by state law may not be negotiated away and are not arbitrable." Town of West Warwick v. Local 2045, Council 94,714 A.2d 611, 612 (R.I. 1998) (citing State v. Rhode Island Council 94,A.F.S.C.M.E., AFL-CIO, 692 A.2d 318, 324-25 (R.I. 1997)); Pawtucket Sch.Comm. v. Pawtucket Teacher's Alliance, Local No. 930, American Fed'n ofTeachers, 652 A.2d 970, 972 (R.I. 1995).
In the instant case, staffing determinations are by statute (§42-56-10) exclusively within management's province. Those determinations are not governed by the CBA, and management's authority to make such decisions may not be negotiated away, nor are they subject to arbitration.
In view of the within decision finding that the subject matter was not arbitrable ab initio, this Court need not reach the merits of the Union's other claims. Further, any such additional contentions have been effectively rendered moot because the vacancies were eventually posted and filled.
The arbitrator's award is hereby ordered vacated.
[1] The cadets graduated from the correctional officer academy in June 2002, and they continued on the 3:00-11:00 p.m. shift.